**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LECG, LLC, a California limited liability company, | No. 14-16148 |
| Plaintiff - Appellee, | D.C. No. 3:13-cv-00639-EMC |
| v. | MEMORANDUM[*] |
| SANJAY UNNI, an individual, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted June 15, 2016
San Francisco, California

Before: WALLACE, SCHROEDER, and OWENS, Circuit Judges.

Sanjay Unni ("Unni") appeals from the district court's summary judgment in favor

of his former employer, LECG, LLC ("LECG"), in LECG's diversity action to recover

the outstanding balance of advance bonuses paid to Unni. Unni had promised to repay

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the advances over the course of five years from annual bonuses the parties contemplated he would receive.

Unni's impossibility defense lacks merit because the Director Agreement, executed by the parties, contained three express provisions contradicting his assertion that LECG promised to employ him for five years and provide him with annual bonuses.  A party is bound by the language of the contract rather than an assumption the party may have had at the time the contract is entered into unless that assumption was "a basic assumption on which the contract was made."  *See Cazares v. Saenz*, 256 Cal. Rptr. 209, 212 n.7 (Cal. Ct. App. 1989); Restatement (Second) of Contracts § 262.

The Director Agreement provides that: (1) Unni was an at-will employee and could be terminated at any time, with or without cause; (2) Unni was to repay the balance of each advance not fully offset; and (3) annual performance bonuses were not guaranteed.  The provisions are unambiguous and consistent with the rest of the agreement.  LECG made no promise to employ Unni for five years or to pay him annual bonuses.  Thus, LECG is not estopped from relying on the terms of the agreement, *see Ware Supply Co. v. Sacramento Sav. & Loan Ass'n*, 54 Cal. Rptr. 674, 679–80 (Cal. Ct. App. 1966), and the contract was not illusory, *see Asmus v. Pac. Bell*, 999 P.2d 71, 79 (Cal. 2000).

**AFFIRMED.**